UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Atrella R. Reynolds, | ) |
| Plaintiff, | ) |
| v. | ) No. 23-cv-159 |
| | ) Judge April M. Perry |
| Scottrade, Inc./TD Ameritrade, Inc., and Charles Schwab Corporation, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

    Plaintiff Atrella R. Reynolds filed this lawsuit against Defendants Scottrade, Inc./TD Ameritrade and Charles Schwab Corporation alleging that Defendants misappropriated assets from Plaintiff's investment account. Doc. 10. Defendants moved to compel arbitration and the Court granted that motion on June 12, 2023. Doc. 49. Two years later, the arbitration panel concluded that Plaintiff's claims should be dismissed in their entirety. Doc. 132-1 at 4. Shortly thereafter, Plaintiff filed a status report before this Court acknowledging that the arbitration had concluded but taking issue with the result. Doc. 134. In her status report, Plaintiff claimed that documents presented to the arbitrators had been "altered, manipulated, and misrepresented" and were not properly authenticated. *Id.* at 1–2. Plaintiff further claimed that the real documents had previously been submitted to this Court and asked that Defendants now be compelled to authenticate them. *Id.* at 4. Plaintiff then moved for summary judgment. *Id.* The Court informed Plaintiff that a motion for summary judgment was not the appropriate vehicle for challenging an arbitration award and requested briefing on whether the arbitration award should be vacated. Doc. 135. In response, Defendants opposed Plaintiff's request to vacate the arbitration award and cross-moved for confirmation of the award. Doc. 136. Plaintiff then responded by again requesting summary judgment in her favor. Doc. 140. For the following reasons, the Court denies Plaintiff's motion to vacate the arbitration award (to the extent she has brought one), and grants Defendants' motion to confirm the award.

    This Court's review of an arbitrator's award is "extremely limited." *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 563 (7th Cir. 2008). "Factual or legal errors by arbitrators—even clear or gross errors—do not authorize courts to annul awards." *Gingiss Intern., Inc. v. Bormet*, 58 F.3d 328, 333 (7th Cir. 1995) (internal citation omitted). Pursuant to 9 U.S.C. § 10(a), a district court can only vacate an arbitration award if one of four circumstances is present: (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption by an arbitrator; (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing or refused to hear pertinent evidence, or committed some other

misbehavior; or (4) the arbitrators exceeded their powers or "so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. §§ 10(a)(1)–(a)(4). To vacate an arbitration award due to corruption, fraud, or undue means, the movant must show "that the corruption, fraud, or undue means was (1) not discoverable upon the exercise of due diligence prior to the arbitration; (2) materially related to an issue in the arbitration; and (3) established by clear and convincing evidence." *Gingiss*, 58 F.3d at 333. Unless an arbitration award is vacated, modified, or corrected, "the court must grant" a timely request to confirm the award. 9 U.S.C. § 9.

Reading Plaintiff's filings as broadly as possible, Plaintiff challenges Defendants' actions, not those of the arbitrators.[1] Therefore, Plaintiff has not established a basis to overturn the arbitration award under 9 U.S.C. §§ 10(a)(2), (a)(3), or (a)(4). At most, Plaintiff's filings allege there was fraud in the underlying arbitration proceeding, and therefore the Court proceeds to analyze Plaintiff's request under 9 U.S.C. § 10(a)(1).

The dispute at arbitration involved whether Defendants misappropriated investment assets from Plaintiff's trading account. According to the arbitrators' written decision, Plaintiff's claim involved a 1,000 share-lot investment in OILSANDS QUEST, INC. ("OILSANDS"), which Plaintiff contended should have resulted in more than $15,000,000 in assets. Doc. 132-1 at 3. At the conclusion of Plaintiff's case-in-chief, Defendants made an oral motion to dismiss, arguing that Plaintiff's admitted exhibit showed that the OILSANDS shares had a market value of zero dollars as of 2021. *Id.*[2] Based upon this, the arbitration panel dismissed Plaintiff's case with prejudice for failure to meet her burden of proof. *Id.* at 4–5.

Plaintiff contends that she argued at the arbitration "that the Defendants had intentionally misallocated her assets and manipulated the reports that the Defendants submitted as their evidence." Doc. 140 at 4. Plaintiff further claims that she had "previously submitted … to the District Court" the documents in her possession showing that Defendants' documents were false, but "the arbitration panel sided with the Defendants and ignored the Plaintiff's allegation of fraud and theft." *Id.* at 4–5.

Accepting Plaintiff's account as true, her motion to vacate fails for three reasons. First, it is unclear how Defendants could have committed fraud in the arbitration proceeding by admitting false exhibits when it was the exhibit submitted by Plaintiff that the arbitrators relied upon in concluding that she had not met her burden of proof. *See* Doc. 132-1 at 3. Second, and more importantly, Plaintiff has not shown that Defendants' supposed fraud was not discoverable prior to the arbitration upon the exercise of due diligence, as § 10(a)(1) requires. *See Renard v.*

---

[1] Plaintiff stated at one point "that FINRA lacked independence and prosecutorial authority." Doc. 134 at 3. It is not clear to this Court that Plaintiff's attack on FINRA was intended as an attack on the arbitrators who Plaintiff helped select and who are not employed by FINRA. *See* Doc. 132-1 at 6 ("FINRA makes available an arbitration forum … but has no part in deciding the award."). But even if it could somehow be interpreted as an attack on the arbitrators, Plaintiff's statement is unsupported by any facts, arguments, or legal citation, and is therefore waived.

[2] Defendants' exhibits showed that OILSANDS was delisted in August 2014, and valueless thereafter. Doc. 132-1 at 3.

*Ameriprise Fin. Servs, Inc.*, 778 F.3d 563, 569 (7th Cir. 2015). To the contrary, Plaintiff has admitted that she knew about the so-called fraud at the time of the arbitration, that she had the ability to prove that fraud prior to the arbitration, and that she indeed did argue this fraud to the arbitrators. The purpose of § 10(a)(1) is to allow courts to correct fraud that is discovered after an arbitration—not to re-weigh the merits of the arguments already presented in arbitration. *See Hall Street Assocs. v. Mattel, Inc.*, 552 U.S. 576, 588 (2008) (noting that the Federal Arbitration Act creates "a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue," and that it does not allow "full-bore legal and evidentiary appeals"). Third, Plaintiff has not established any fraud at all, by clear and convincing evidence or otherwise. Plaintiff references exhibits that she claims would support her case, but they are not attached to her motions nor explained in any way that would allow the Court to draw the conclusion that any exhibit at the arbitration was falsified. Docs. 134, 140. For these reasons, Plaintiff's request to vacate the arbitration award fails.

## CONCLUSION

Plaintiff's motion to vacate the arbitrators' award is denied. Accordingly, the Court must confirm the arbitration award pursuant to 9 U.S.C. § 9, and Defendant's motion to confirm is granted.

Dated: September 18, 2025

_____
APRIL M. PERRY
United States District Judge